IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WESLEY LAMONT MAXWELL,

      Petitioner,

v.                                             CIV 03-661 MCA/KBM

PATRICK SNEDEKER, Warden, et al.,

      Respondents.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Wesley Maxwell's petition for a writ of habeas corpus under 28 U.S.C. § 2254, *Doc. 1,* and Respondents' Answer and Motion To Dismiss, *Docs. 11, 9.* Petitioner maintains that his sentence of probation expired before the state court revoked his probation on July 24, 2002. He maintains that the state court was therefore without jurisdiction to sentence him to his original sentence, and thus his present incarceration is unconstitutional. Because Petitioner is not challenging his underlying state conviction and the relief he seeks goes to the execution of his sentence, I construe his petition as arising under § 2241 not § 2254. *E.g., Montez v. McKinna,* 208 F.3d 862, 865 (10ᵗʰ Cir. 2000); *United States v. Furman,* 112 F.3d 435, 438 (10ᵗʰ Cir. 1997). I further recommend that the petition be dismissed.

### I.  Factual Background

There are essentially three phases to the long history of Petitioner's sentence for burglary, robbery, battery and trafficking narcotics.

### A.  After Remand, Five-Years Probation Beginning June 30, 2000

When he entered his guilty plea in 1997, Petitioner was sentenced to a total term of

imprisonment of eighteen years for the offenses.  *See Doc. 11,* Exh. A.  After raising various

challenges to the sentence by way of motion to vacate and state habeas corpus, ultimately the

New Mexico Supreme Court granted relief and ordered resentencing.  *Id.,* Exhs. B-T.

In July 2000, Petitioner was resentenced to the same term of incarceration, but this time

the sentence was suspended, and he was placed on five-years probation.  The amended sentencing

order specifically provides that if Petitioner is "imprisoned at any time pursuant to the above

conviction, [he] shall be given credit for pre-sentence confinement of Two (2) years and 197

days."  *Id.,* Exh. U.  The order of probation also notes that the five-year term began on June 30,

2000 and would end on October 23, 2002 -  this shortened end date to "reflect credit time served

where Defendant was in custody in the Dept. of Corrections."  *Id.,* Exh. V.  Petitioner did not

pursue the matter further.

### B.  First Violation Resulting In Two-Month Incarceration<br>And 660 Days Supervised Probation

Within six months of release on probation, the State reported that Petitioner violated his

probation by failing to report for scheduled appointments.  The court ordered the prosecution to

file a motion to revoke probation and issued an arrest warrant for Petitioner.  *Id.,* Exh. W; *see*

*also id.,* Exh. X.  Plaintiff was a fugitive, eventually arrested, and on April 24, 2001 sentenced

again.  *See id.,* Exhs. X-Y.

The state court reinstated the original eighteen-year sentence and recalculated it to reflect

the intervening events.  It credited the presentence confinement noted in the prior amended

sentencing order, credited 291 days for probation served (from June 30, 2000, the date probation

started, to April 17, 2001, the date Petitioner appeared and admitted the probation violation), and

deducted 113 days for the time during which Petitioner had absconded (essentially January 2001

to April 2001).  The resulting amount of time to be served on the eighteen-year sentence was

5465 days.  *Id.,* Exh. Y.

   However, the state court again gave Petitioner an opportunity to avoid lengthy

imprisonment, this time by suspending 5405 days of the sentence.  Petitioner was therefore

ordered to be imprisoned for 60 days and to serve a 660-day term of supervised probation.  *Id.,*

Exh. Y.  The order of probation notes that the 660-day term began on May 17, 2001 and would

end on March 8, 2003.  This order also notes that the end date for the supervised probation

"reflects credit time served where Defendant was in custody in the Dept. of Corrections &

Absconder time," but this is somewhat misleading.  *Id.,* Exh. Z.  The May 2001 to March 2003

time frame reflects the entire 660 days.  As noted above, the new sentence of ***imprisonment***

imposed following revocation actually reflects the credits for prior confinement and prior service

of probation.  *See id.,* Exh. Y.

### C.  Second Violation Resulting In Reimposition Of Original Eighteen Year Sentence

   Petitioner yet again violated his probation, this time within only a month of its imposition,

by committing the crimes of robbery and larceny.  *See id.,* Exhs. AA - BB; *see also id.,* Exh. KK

(Petitioner's attached calculations, noting he was release on probation on 5/16/01 and arrested

again on 6/13/01).  Approximately ten months later, on May 31, 2002, he filed a *pro se* motion

requesting an evidentiary hearing on the revocation, asserting unwarranted delay in holding the

probation revocation hearing, and that the state had incorrectly calculated his probation.  Maxwell

contended that he was entitled to certain presentence and good-time credits against the five-year

term of probation imposed in 2000 and, as a result, he had "satisfactorily completed" his five-year

term of probation. *Id.* at 3. He therefore requested that the court "take the probation hold off of

[him], so he can make bond on new charges or . . . reinstate probation." *Id.*

Following a hearing on July 24, 2002 at which Petitioner appeared with counsel, the court

again revoked probation and reimposed the original eighteen year sentence. *See id.,* Exhs. CC,

EE. The August 2002 sentencing order recalculated the remaining time on the original sentence

by crediting Petitioner

  ! "1091 days . . . for pre-sentence confinement (July 5, 1997 to June 30, 2000);"

  ! "97 days . . . for time served on probation (July 1, 2000 to October 6, 2000);"

  ! "542 days . . . for time served on probation (October 7, 2000 to July 24, 2000,[1]
     less 113 days when the defendant was declared to be an absconder . . . );" and

  ! "86 day[s] . . . for time the defendant was erroneously held by the Department of
     Corrections."

*Id.,* Exh. EE. As the court correctly concluded, this left a "balance of 4754 days." *Id.*

Petitioner immediately filed a *pro se* motion to correct his sentence. Again, Maxwell

maintained that the good time credits he received while incarcerated should have applied to his

five-year term of probation, and his probationary period had expired prior to the second

revocation on July 24, 2002. *See id.,* Exh. FF. He filed the exact same motion again in October

2002. *See id.,* Exh. GG.

---

[1] The end date of probation of as of July 24, 200<u>0</u> is an evident typographical error and
was meant to reflect the July 24, 200<u>2</u> revocation hearing, because the 655 days between October
7, 2000 to July 24, 2002 minus the 113 days for absconding result in the 542 days the court
credited Petitioner.

Both motions were denied on December 6, 2002, on the ground that "[t]his matter was fully litigated at the time of the hearing.  Petitioner could have (and may have) appealed.  Post conviction proceedings are not a method of raising [issues] properly raised on appeal.  *See, State v. Lee* [83 N.M. 655, 656, 495 P.2d 1102, 1103 (N.M. App. 1972)]." *Id.,* Exh. HH.  Petitioner followed with unsuccessful petitions for mandamus and certiorari with the New Mexico Supreme Court.  *See id.,* Exhs. KK - NN.  After those petitions were denied, he filed a state petition for habeas corpus, raising the same arguments.  *See id.,* Exh. II.  It was denied on the basis that the "order & commitment entered by Judge Knowles on 8/15/02 accurately reflects all pre-sentence confinement time & time served on probation.  All other issues have been addressed in prior hearings."  The New Mexico Supreme Court again denied certiorari.  *See id.,* Exhs. OO - PP.

## II.  Analysis

Respondents correctly note that Petitioner's claims are confusing.  Having carefully read the entire record, it appears to me that the instant petition should be denied for the simple fact that Petitioner's own calculations and arguments do not support his claims.  For example, in the state courts Maxwell challenged the second probation revocation saying that, due to delay and miscalculation of credits, he had already served his five-year probation when the July 24, 2002 revocation hearing took place.  However, Petitioner's own calculations submitted in support of his argument provide that Maxwell had "152 [days] left on probation as of 7/24/02." *Id.,* Exh. KK (attached calculations numbered page 1).

In the matter before me, Petitioner appears to make the same argument with the July 24, 2002 date as the operative cut-off.  *See Doc. 12* at 3.  He also appears to claim, inconsistently, that the five-year probation was already expired before it was imposed on June 30, 2000 and his

attorney at that time should have so argued. *See Doc. 1* at 6(a). However, if his calculations

show that the five-year probationary period was not expired as of the second revocation hearing

date, then they certainly do not show that it expired before it was ever imposed.

Alternatively, I incorporate the reasons and calculations stated by Respondents in their

thorough memorandum in support, and agree that the instant petition should be dismissed as

procedurally-defaulted (if he is challenging the June 30, 2000 sentence) and also without merit.

*See Doc. 10.*

Wherefore,

**IT IS HEREBY RECOMMENDED** that this § 2241 petition be dismissed with

prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF**

**SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A**

**party must file any objections with the Clerk of the District Court within the ten-day**

**period  if that party wants to have appellate review of the proposed findings and**

**recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE